IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LUTHER PHILLIPS #20120823073,   )
                                )
            Plaintiff,           )
                                )
    v.                           )    No.  13 C 200
                                )
MR. PUCKETT, et al.,             )
                                )
            Defendant.           )

MEMORANDUM ORDER

Luther Phillips ("Phillips") has utilized the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint that the Clerk's Office makes available for use by persons in custody to assert a claimed violation of his constitutional rights (1) by a Cook County Department of Corrections ("County Jail"[1]) employee referred to as "social worker" Puckett and (2) by "John Doe," the mail room supervisor at the County Jail. This memorandum order is issued sua sponte in consequence of this Court's preliminary screening of Phillips' Complaint as called for by 28 U.S.C. §1915A(a).[2]

Phillips complains of a distressing event in which mail directed to him from his home arrived with about 15 of his family pictures missing from the envelope--pictures of his children, his wife, his brothers and his sisters. When he informed social

---

[1] Phillips has been in custody at the County Jail since August 2012.

[2] All further references to Title 28's provisions will simply take the form "Section--."

worker Puckett about the occurrence, the latter assertedly responded "Who cares about a nigger thats lock up." Then Phillips' attempt to follow up on the problem drew the asserted response "I don't give a fuck." Phillips then wrote up a grievance and found the mail room supervisor "also very negative."

Phillips' account is certainly disturbing to say the least, but the question for Section 1983 purposes is whether a constitutional violation is set out by what he narrates--not every unpleasant experience implicates the Constitution. Here there is nothing to suggest (and Phillips does not claim) that either Puckett or mail room supervisor Doe was involved in creating or causing Phillips to be deprived of his property--the pictures. Instead their asserted involvement was their failure to assist him by looking into the situation, with no indication that a follow-up would have been successful in retrieving the missing items.

Under those circumstances, it must regrettably be concluded that Section 1915A(b)(1), which applies where a complaint "fails to state a claim upon which relief may be granted," calls for dismissal of the Complaint. This Court so orders.

There is one other matter that should be mentioned that may provide some partial comfort to Phillips. Section 1915 establishes a special rule for persons in custody, under which

their right to proceed with litigation in forma pauperis does <u>not</u> excuse their payment of the full $350 filing fee but merely converts that obligation into an installment plan that deprives the prisoner of that amount from his trust fund account at the custodial institution over a substantial period of time.  That appears to be one reason that Section 1915A(a) calls for the court to review complaints "before docketing, if feasible," at least suggesting (although not stating specifically) that such a threshold review takes place <u>before</u> the "prisoner brings a civil action"--the event that triggers the obligation to pay the full filing fee under Section 1915(b)(1).  In Phillips' case this Court will grant him the benefit of such a favorable reading of the interacting statutory provisions, so that he is not stuck with the $350 obligation.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 16, 2013